UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRODUCE PAY, INC.<br><br>       Plaintiff,<br><br>  v.<br><br>TROPICAL EXPRESS, INC., STEPHEN J. LIM, and LUCIA H. KIM, each individually,<br><br>       Defendants. | Case No. 1:20-cv-000754-JSR |

## PROPOSED JUDGMENT

Upon the joint request of Plaintiff, Produce Pay, Inc. ("*Produce Pay*"), and Tropical Express, Inc. (the *"Company"*) and its officers Stephen J. Lim ("Lim") and Lucia H. Kim ("Kim") (Lim and Kim are referred to collectively as the "*Principals*") (Company and Principals hereinafter referred to collectively as "*Defendants*") the Plaintiff and Defendants (collectively, the "Parties") hereby stipulate that the action is settled upon the terms and conditions as contained herein:

A) The Defendants have indicated their individual and collective consent to the entry of Judgment as provided for herein.

B) The Court, having been so advised by the Parties during a telephonic settlement conference presided over by the Honorable Kevin Nathaniel Fox on September 17, 2020 that the action is settled as follows:..

Accordingly, **IT IS HEREBY ORDERED:**

1. That Plaintiff shall have Judgment against the Defendants, jointly and severally, in the amount of $99,000.00 (the "Outstanding Debt") for the relief demanded in the Complaint (the "Judgment Amount) and the Clerk shall enter Judgment accordingly. Produce Pay stipulates and agrees that Judgment shall not be entered until on or after October 1, 2020 so long as the payments required herein are timely made.

2. Nothing in this Judgment shall be construed as limiting the Plaintiff to recovery from any particular Defendant before any other. While Produce Pay is restricted to a single recovery, that recovery may be had from any of the Defendants, in any order of payment, up to and including the full amount of the Outstanding Debt.

3. Execution of the Judgment shall be stayed so long as the Defendants shall deliver the following payments to Produce Pay, on the following schedule, and in the following manner:

   a. Defendants shall cause good funds to be delivered to Produce Pay beginning on or before Friday, September 18, 2020 in the amount of Twenty Thousand Dollars and 00/100 (USD) ($20,000.00), receipt of such payment is hereby acknowledged by Produce Pay and was credited by the Parties in arriving at the Outstanding Debt as defined herein;

   b. Thereafter, on or before September 30, 2020, Defendants shall make a final payment to Produce Pay in the amount of Thirty-Four Thousand and 00/10 Dollars (USD) ($34,000.00).

   c. Defendants shall make each payment set forth above via wire transfer made payable to "Produce Pay, Inc." on or before the dates set forth above. Produce Pay will apply each payment to the Outstanding Debt in any order, at its sole discretion, as long as the Defendants receive full credit for each such transfer.

    d. Notwithstanding any terms to the contrary, Defendants shall be entitled to prepay any part or the entire principal sum of the Outstanding Debt without penalty, at any time and from time-to-time, without the requirement that Produce Pay consent thereto. Prepayments under this subsection (d) shall, after payment of interest, be applied to the installments last to become due and shall not affect the obligation of Company to pay the remaining amounts payable or change the amount of such payments. Interest ceases to accrue on the amount of any prepayment applied to reduce the unpaid balance of the principal sum payable.

    e. If timely, full payments are made as described in subsections (a) and (b) of this Section 3, the Parties shall consider the Outstanding Debt satisfied, and Plaintiff shall file a Satisfaction of Judgment and Stipulation of Discontinuance with Prejudice within two (2) business days of the final, timely payment.

    4. As long as the above payments are each delivered to Produce Pay on or before the dates set forth above, Produce Pay shall not execute upon this Judgment. Upon the Defendants' failure to make any payment required hereunder when due ("*Default*"), Produce Pay shall be free to immediately execute upon this Judgment. Following any Default, any post-Default attorneys' fees and costs shall be added in full to the balance then due on the Outstanding Debt and the full amount of the same shall be immediately due and owing.

    5. Post-judgment interest shall accrue on the balance of the Outstanding Debt at the agreed rate between the Parties of 1.5% per month (18% APR).

    6. The amount of this Judgment, with a corresponding credit given for all sums Plaintiff actually receives in partial satisfaction hereof, is hereby expressly founded upon the Defendants' violation of PACA and breach of fiduciary duties under relevant state law and, as

such, is hereby excluded from any discharge of personal liability which either Company or Principal may seek in any proceedings under Title 11, United States Code pursuant to 11 U.S.C. § 523(a)(4).

7. Based on the Parties' Stipulation, this is a final non-appealable order of Judgment that is exempted from any type of stay (automatic or otherwise) of enforcement or execution pursuant to Fed. R. Civ. P. 62.

8. This is a final judgment.

9. All parties acknowledge and agree to the terms of this Consent Judgment and intend to be legally bound thereby as evidenced by their signatures below.

**DONE AND SO ORDERED:**

Date: This 29th day of September, 2020

_____
Hon. Jed S. Rakoff
UNITED STATES DISTRICT JUDGE